IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BUCKEYE FORD MERCURY, Inc.**<br>110 US Hwy 42 SE<br>London, OH 43140<br><br>    Plaintiff,<br><br>vs.<br><br>**LONGGREEN LLC, d.b.a**.<br>**BUCKEYE CAR WAREHOUSE**<br>12340 State Route 56 SE<br>Mt. Sterling, Ohio 43143<br><br>and<br>**DAVID D. LONG**<br>1080 Dorset Court<br>London, Ohio 43140<br><br>and<br>**GREEN & SONS, LTD.**<br>12350 State Route 56 SE<br>Mt. Sterling, Ohio 43143<br><br>and<br>**WILLIAM M. GREEN**<br>12340 State Route 56 SE<br>Mt. Sterling, Ohio 43143<br><br>and<br>**PHILLIP M. GREEN**<br>12340 State Route 56 SE<br>Mt. Sterling, Ohio 43143<br><br>and<br>**RICHARD L. GREEN**<br>12350 State Route 56 SE<br>Mt. Sterling, Ohio 43143<br><br>    Defendants | Civil Action No. **2:10-cv-557**<br><br>District Judge<br><br>Magistrate Judge<br><br><br><br>**COMPLAINT**<br>Demand for Jury Trial |

1

Plaintiff, Buckeye Ford Mercury, Inc. ("Plaintiff") by and through its undersigned counsel, sues Defendants Longgreen, LLC et al., ("Defendants") for injunctive and declaratory relief and damages under the laws of the United States and the State of Ohio and states as follows:

## Jurisdiction and Venue

1. This is an action for trademark infringement and unfair competition arising under the Trademark Act of 1946, as amended (The Lanham Act), 15 U.S.C. § 1051 *et seq.,* and under the common law and statutory law of the state of Ohio.

2. This Court has jurisdiction over the Counts in this Complaint under 15 U.S.C. §1121, and 28 U.S.C. §§1331 and/or 1338.

3. Venue is proper in this Court under 28 U.S.C. §1391(b)(1), (2) and/or (3).

## The Parties

4. Plaintiff Buckeye Ford Mercury, Inc. is a corporation organized under the laws of the state of Ohio having a place of business at 110 US Hwy 42 SE London, Ohio 43140.

5. On information and belief, Defendant Longgreen LLC, d.b.a. Buckeye Car Warehouse is an Ohio limited liability corporation with a principal place of business at 12340 State Route 56 SE, Mt. Sterling, Ohio 43143.

6. On information and belief, Defendant David D. Long is an individual residing at 1080 Dorset Court, London, Ohio 43140.

7. On information and belief, Defendant Green & Sons, LTD. is an Ohio corporation with a place of business at 12350 State Route 56 SE, Mt. Sterling, Ohio 43143.

8. On information and belief, Defendant William M. Green is an individual with a place of business at 12340 State Route 56 SE, Mt. Sterling, Ohio 43143.

9. On information and belief, Defendant Phillip M. Green is an individual with a place of business at 12340 State Route 56 SE, Mt. Sterling, Ohio 43143.

10. On information and belief, Defendant Richard L. Green is an individual with a place of business at 12350 State Route 56 SE, Mt. Sterling, Ohio 43143.

Statement of Facts

11. Plaintiff is and has been continuously since at least about 1987 engaged in the business of providing new and pre-owned automobile retail store services, later including maintaining a web site, using the trademark BUCKEYE.

12. Plaintiff offers its services through two stores, one located in London, Ohio and another located in Sidney, Ohio.  Plaintiff also maintains web sites viewable throughout at least the entire United States at buckeyeford.com, buckeyefordmercury.com, buckeyefordlm.com,

buckeyefordlondon.com and buckeyefordsidney.com.

13. Plaintiff has expended substantial resources in advertising and promotion of its trademark BUCKEYE in relation to new and pre-owned automobile sales and automobile repair service, and engages in extensive promotion of its services sold under its trademark.

14. Plaintiff, through its own significant efforts, skill and experience, has acquired and now enjoys substantial goodwill and a valuable reputation through its use of the BUCKEYE trademark.  The maintenance of high standards of quality and excellence for Plaintiff's services has contributed to this valuable goodwill and reputation.

15. As a result of Plaintiff's efforts to promote its services under the trademark BUCKEYE, the mark has acquired, in the minds of the public, a secondary meaning and has become a distinctive mark denoting care, skill, industry, reliability, and high quality to the eye and mind of the public. The services offered by Plaintiff under its trademark have enjoyed a high degree of public recognition over the years so that members of the public have associated, and will continue to associate, the quality and reputation of services marketed under the mark BUCKEYE with Plaintiff.

16. As a result of long-standing use, substantial sales, significant advertising and promotional activities, the mark BUCKEYE has become well known and associated with the Plaintiff, at least in the region West and Southwest of Columbus, Ohio.

17. The mark BUCKEYE serves to distinguish Plaintiff's services from the services of others. As a further result of Plaintiff's efforts and sales, the trademark BUCKEYE is generally recognized by the public as being associated exclusively with the services of Plaintiff, at least in the region West and Southwest of Columbus, Ohio.  Because of such reputation and public awareness, Plaintiff has established valuable goodwill in connection with its trademark BUCKEYE.

18. Plaintiff has taken active steps to protect its BUCKEYE trademark so that the mark will continue to be associated with, and denote, Plaintiff's services.

19. The goodwill associated with the BUCKEYE trademark is one of Plaintiff's most valuable assets.

20. Defendant Long is a former employee of Plaintiff who is aware of Plaintiff's use of the BUCKEYE trademark in the geographic region West and Southwest of Columbus, Ohio for the services Plaintiff provides.

21. Despite Plaintiff's known prior rights in the BUCKEYE trademark, Defendants adopted and used the trademark BUCKEYE in this District, within about 16 miles from one of Plaintiff's business locations, for retail pre-owned automobile store services, and created a web site advertising the same at buckeyecarwarehouse.com.

22. Defendants' advertising, offering for sale and sale of services under the mark

BUCKEYE are likely to cause confusion, or to cause mistake, or to deceive the public into believing that Defendants' goods and services originate with Plaintiff, or are sponsored by Plaintiff, are offered with the approval of Plaintiff, or are offered under Plaintiff's supervision and control.

23. Defendants' confusingly similar use of the mark BUCKEYE is without permission, authority, or license from Plaintiff.

24. Since the Plaintiff is neither associated with nor exercises control over the Defendants, Defendants' use of the mark BUCKEYE is likely to be attributed to Plaintiff and constitutes a threat to Plaintiff's good will and reputation.

25. After learning of Defendants' plan to use the BUCKEYE trademark, on February 25, 2010, Plaintiff sent a letter to Defendants Longgreen, LLC, Long and William and Phillip Green notifying them of Plaintiff's superior rights in the BUCKEYE trademark in relation to the sale of automobiles in the region at issue, and demanding that Defendants cease any use of the BUCKEYE mark likely to cause confusion, mistake or to deceive. A true copy of this letter is appended as **Exhibit A**.

26. Despite Plaintiff's efforts, Defendants have, with full knowledge of Plaintiff's rights, ignored Plaintiff's demand and, upon information and belief, continued to use the mark in a manner calculated to cause confusion, mistake, or to deceive the public as to the source of Defendants' goods and services or cause a false belief that Plaintiff is associated with

6

Defendants.

27. Upon information and belief, Defendants' use of the BUCKEYE mark was and is intended to capitalize on the goodwill associated with Plaintiff's BUCKEYE trademark and to mislead the purchasing public into believing Defendants' services are authorized, connected with, sponsored or approved by Plaintiff.

28. By its wrongful acts, Defendants have caused, and, unless restrained by the Court, will continue to cause, serious and irreparable injury and damage to Plaintiff and to the goodwill associated with its BUCKEYE mark. These wrongful acts have caused, and will continue to cause, grave injury to the public as well.

29. By using the confusingly similar BUCKEYE mark, Defendants are subjecting the reputation and goodwill of Plaintiff in its trademark to irreparable injury and harm by reason of acts of Defendants or others over whom Plaintiff has no control.

30. Unless the foregoing acts of Defendants are enjoined, Plaintiff has no adequate remedy at law.

## COUNT I
### (LANHAM ACT - TRADEMARK INFRINGEMENT - COMMON LAW)

31. Plaintiff hereby adopts and incorporates by reference the allegations of paragraphs 1-30 above as if fully set forth herein.

32. This Count arises under Section 43(a) of the Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. § 1125(a).

33. Defendants' aforesaid acts constitute a use in commerce in connection with goods or services of a word or term that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff.

34. The use by Defendants of the mark BUCKEYE, the commencement and continuation of such use, and all of the other acts of Defendants as heretofore alleged, create the likelihood that the public will be confused as to the source, sponsorship or affiliation of the goods and services of Plaintiff and Defendants, or will be led to believe mistakenly that there is some connection between Plaintiff and Defendants as a result of which Plaintiff and the public have been, and are likely to be further, irreparably damaged.

35. Upon information and belief, Defendants William Green, Richard Green, Phillip Green and David Long personally took part in the activities described herein, and/or specifically directed employees to take part in the activities described herein, and are individually liable therefor.

36. The aforesaid activities of Defendants constitute trademark infringement under 15 U.S.C. §1125(a).

## COUNT II
### (FEDERAL UNFAIR COMPETITION)

37.     Plaintiff adopts and incorporates by reference the allegations of paragraphs 1-36 above as if fully set forth herein.

38.     This Count arises under Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

39.     The use of the name, phrase, or mark BUCKEYE by Defendants is a false designation of origin as to any goods or services sold, advertised or promoted by Defendants and constitutes unfair competition.

40.     Defendants' aforesaid acts tend to represent falsely that Defendants' services are legitimately connected with Plaintiff; tend to describe falsely that Defendants' services emanate from or are authorized, sponsored or approved by Plaintiff; create the likelihood that the public will be confused as to the source, sponsorship or affiliation of the services of Plaintiff and Defendants, or will be led to believe mistakenly that there is some connection between Plaintiff and Defendants; and tend to designate falsely that Defendants' services originate from Plaintiff, all of which constitute violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as a result of which Plaintiff and the public have been, and are likely to be further, irreparably damaged.

41.     Upon information and belief, Defendants William Green, Richard Green, Phillip

9

Green and David Long personally took part in the activities described herein, and/or specifically directed employees to take part in the activities described herein, and are individually liable therefor.

42. The aforesaid activities of Defendants constitute unfair competition under 15 U.S.C. §1125(a).

COUNT III
STATE COMMON LAW TRADEMARK INFRINGEMENT

43. Plaintiff hereby adopts and incorporates by reference the allegations of paragraphs 1-42 above as if fully set forth herein.

44. This Count arises under the Ohio common law of trademark infringement.

45. Plaintiff's mark BUCKEYE has acquired, in the minds of the public, a secondary meaning and has become a distinct mark denoting care, skill, industry, reliability and high quality to the eye and mind of the public. Because of such reputation and public awareness, Plaintiff has established valuable goodwill in connection with its mark BUCKEYE.

46. Upon information and belief, Defendants, by their above-enumerated acts, have unlawfully violated and infringed the rights of Plaintiff in its mark BUCKEYE.

## COUNT IV
### (STATE COMMON LAW UNFAIR COMPETITION)

47.     Plaintiff hereby adopts and incorporates by reference the allegations of paragraphs 1-46 above as if fully set forth herein.

48.     This Count arises under the Ohio common law of unfair competition.

49.     Defendants' use of the mark BUCKEYE in connection with the sale, advertising and promotion of its goods and services constitutes an unlawful appropriation of Plaintiff's exclusive rights in and to its mark BUCKEYE, and such unauthorized use has caused, and will continue to cause, damage and irreparable injury to Plaintiff.

50.     The foregoing acts of Defendants constitute unfair competition and infringement of Plaintiff's common law rights in the mark BUCKEYE.  Such unfair competition will continue unless enjoined by this Court.

## COUNT V
### (OHIO DECEPTIVE TRADE PRACTICES)

51.     Plaintiff hereby adopts and incorporates by reference the allegations of paragraphs 1-50 above as if fully set forth herein.

52.     This Count arises under the Ohio Deceptive Trade Practices Act, Ohio Revised Code Annotated §4165.02.

53. The foregoing acts of Defendants constitute deceptive trade practices under the Ohio Deceptive Trade Practices Act.

WHEREFORE, Plaintiff prays for a judgment that:

A. Defendants have violated 15 U.S.C. § 1125(a) by infringing on Plaintiff's rights in the mark BUCKEYE and that such acts of Defendants constitute willful infringement under 15 U.S.C. § 1117.

B. Defendants have violated the Ohio common law of trademark infringement by infringing on Plaintiff's rights in the BUCKEYE mark.

C. Defendants have violated the Ohio Deceptive Trade Practices Act by infringing on Plaintiff's rights in the BUCKEYE mark.

D. Defendants, their officers, agents, servants, affiliates, employees, attorneys, and representatives and all those in privity or acting in concert with it, and each and all of them, be permanently enjoined and restrained from directly or indirectly:

> 1. Using the name, phrase and/or mark BUCKEYE, any term confusingly similar thereto or any colorable imitation thereof as a part of a trademark or service mark alone or in combination with other words, names, styles, titles or marks in connection with selling, offering for sale, distributing, exporting or advertising any goods or services;
>
> 2. Using the name, phrase and/or mark BUCKEYE, any term confusingly similar thereto or any colorable imitation thereof as a part of a trademark or service mark alone or in combination with other words, names, styles, titles or marks confusingly similar to the mark BUCKEYE, in connection with any business that Defendants conduct, own or control;
>
> 3. Holding themselves out as the owners of, or a company authorized to use, a mark confusingly similar to BUCKEYE;
>
> 4. Performing any actions or using any words, names, styles, titles, or marks which are likely to cause confusion, to cause mistake or to deceive; or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are one and the same or are in some way connected; or that Plaintiff is a sponsor of Defendants; or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff; or that the goods or services of Defendants originate with Plaintiff or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff; or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff;

5. Using any names, phrases, logos and/or marks that create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of misappropriation or dilution of the BUCKEYE mark and the goodwill associated therewith; and

6. Using any trade practices whatsoever, including those complained of herein, which tend to compete unfairly with or injure Plaintiff's business and the goodwill attached thereto.

E. Defendants be required to deliver up for destruction, at their expense, all stationery, business forms, signs, advertisements, labels, brochures, promotional materials, and other written materials which bear the infringing phrase, name, logo or mark BUCKEYE or any other name, phrase, logo and/or mark confusingly similar to the BUCKEYE mark, together with all plates, molds, matrices and other means and materials for making or reproducing the same.

F. Defendants be required to pay Plaintiff three times Plaintiff's actual damages caused by the acts of Defendants, as well as Defendants' profits from sales of goods or services under the logo, phrase, name and/or mark BUCKEYE or any colorable imitation thereof, after an accounting.

G. Defendants be required to pay to Plaintiff all of Plaintiff's litigation expenses, including reasonable attorney's fees and the costs of this action.

H. Defendants be required to pay to Plaintiff pre-judgment interest on the amount awarded and post-judgment until paid, at a lawful rate.

I. Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Jason H. Foster
Jason H. Foster (Bar No. 0065031), Trial Attorney
Attorney for Plaintiff Buckeye Ford Mercury, Inc.
KREMBLAS & FOSTER
7632 Slate Ridge Blvd.
Reynoldsburg, Ohio 43068
Telephone: (614) 575-2100
Facsimile: (614) 575-2149
Email: jfoster@ohiopatent.com